UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CURTIS SCHWARTZ,

                Petitioner,

                                    CASE NO. 2:11-CV-13612
v.                                  HONORABLE GERALD E. ROSEN

THOMAS BIRKETT,

                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.      Introduction**

Michigan parolee John Curtis Schwartz ("Petitioner")[1] has filed a pro so petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), in the Oakland County Circuit Court and was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.12, to three to 30 years imprisonment in 2009. In his pleadings, he raises claims concerning the effectiveness of defense counsel and the voluntariness of his plea. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

---

[1]At the time he instituted this action, Petitioner was confined at the Central Michigan Correctional Facility in St. Louis, Michigan where Respondent used to be the warden. Petitioner was released on parole on March 12, 2013.

II.     **Facts and Procedural History**

Petitioner's conviction arises from a home invasion that occurred in Bloomfield Township, Michigan on May 20, 2009.  A police report, accepted as the factual basis for the plea, indicated that the victim, Richard Jones, returned home and observed Petitioner flee from the residence, run through the backyard, and throw something over a fence.  Two neighbors retrieved a shotgun or rifle from the area.  One neighbor told the police that the person fleeing the scene stayed at a nearby home.  When police arrived, they searched the area for the perpetrator and arrested Petitioner nearby. At the time of his arrest, Petitioner was wearing clothing that matched Jones' description of the perpetrator.

On September 24, 2009, the day set for trial, Petitioner pleaded no contest to first-degree home invasion pursuant to a *Cobbs* agreement for a sentence at the low end of the guideline range. There was no plea bargain.  On October 12, 2009, the trial court sentenced Petitioner to three to 30 years imprisonment consistent with the *Cobbs* agreement.

Petitioner subsequently moved to withdraw his plea, essentially raising the same claims presented on habeas review.  The trial court denied the motion finding that Petitioner's plea was voluntary and understanding and that he had not shown that defense counsel was ineffective.  *See* 5/19/10 Motion Hrg. Tr., pp. 6-7.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented.  *People v. Schwartz*, No. 300595 (Mich. Ct. App. Jan. 12, 2011) (unpublished).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Schwartz*, 489 Mich. 972, 798 N.W.2d 804 (2011).

Petitioner thereafter filed his federal habeas petition raising the following claims as grounds

2

for relief:

I.      Ineffective assistance from counsel - court appointed attorney Howard
        Arnkoff refused to interview two (apparent alibi) witnesses that [Petitioner]
        discussed with Arnkoff prior to trial.

II.     Ineffective assistance from counsel [regarding counsel's failure to investigate
        an interrogation that occurred at the West Bloomfield police jail on May 21,
        2009].

III.    Involuntary plea [because defense counsel did not provide him with adequate
        time to discuss what should be done in the case in preparation for either trial
        or a plea and pressured him into taking the plea].

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

Petitioner has filed a reply to that answer.

**III.    Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication of
the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that

are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at

a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per

3

curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

4

Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing

evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the state trial court found Petitioner's claims to be without merit, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2]

## IV.   Analysis

### A.   Ineffective Assistance of Counsel Claims

Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to interview two witnesses, James Fletcher and his wife, and for failing to investigate an interrogation that occurred at the jail on May 21, 2009. Respondent contends that both claims lack merit.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2]The Court would reach the same result under a *de novo* standard of review.

6

assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.*  The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788.  Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

7

Petitioner asserts that defense counsel was ineffective for failing to investigate his case (two witnesses and an interrogation) during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claims that counsel was ineffective for failing to investigate or take other actions during the pre-trial period are foreclosed by his plea and do not warrant habeas relief.

Petitioner also seems to assert that defense counsel was ineffective for advising him to plead no contest rather than discussing his options and preparing a defense. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. The

8

record reveals that counsel read the police reports, met with Petitioner, and was prepared for trial. The case against Petitioner was strong and there was no evidence in the record that an investigation into additional witnesses or the referenced interrogation would have benefitted Petitioner's case. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the facts of the case, the victim's and witnesses' statements, Petitioner's criminal history, and the apparent lack of a solid defense.

Although Petitioner believes that he could have defended against the charges, he offers no evidence, other than his own assertions, in support of such a claim. For example, he fails to provide any statements from the Fletchers or discuss details of their potential testimony – and they are not mentioned in the police reports. He also fails to provide information about the police interrogation or explain how a review of that matter would have benefitted his case. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Petitioner has not shown that defense counsel erred or acted unreasonably in advising him to plead no contest.

Furthermore, Petitioner has not established that, but for counsel's alleged deficiencies, there is a reasonable probability that he would not have pleaded no contest and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the

9

proceedings.  The case against him was strong and he received a favorable sentence pursuant to the *Cobbs* agreement.  Given such circumstances, Petitioner cannot prevail on his ineffective assistance of counsel claim.  Habeas relief is not warranted.

### B.     Involuntary Plea Claim

Petitioner also asserts that he is entitled to habeas relief because his no contest plea was involuntary.  In particular, he alleges that defense counsel failed to provide him with adequate time to discuss his case and pressured him into accepting the plea.  Respondent contends that this claim lacks merit.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly.  *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *See Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 43 years old at the time of his plea and had prior experience with the criminal justice system.  There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea.  Petitioner

10

was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no contest. The court discussed the terms of the plea and its consequences, including the maximum sentence for the offense and the *Cobbs* agreement. Petitioner indicated he understood the plea, that he wanted to plead no contest, and that he had not been threatened. He also acknowledged that there was no plea bargain and that he was entering his plea pursuant to a *Cobbs* agreement.

Petitioner asserts that his plea was involuntary because defense counsel failed to adequately discuss his case and pressured him into taking the plea by telling him that he could not win at trial. Petitioner has not established that counsel misadvised him about his case, his plea, or his sentence. Petitioner's assertion that defense counsel pressured him into pleading no contest conflicts with his sworn testimony at the plea hearing in which he denied being threatened and indicated his desire to plead no contest rather than proceed to trial. In fact, Petitioner raised his concerns about the two witnesses and the police interrogation during the plea hearing, the parties and the court discussed the situation, and Petitioner ultimately chose to plead no contest and forego a trial. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

11

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).  Given the facts of the case, the strength of the prosecution's case, and Petitioner's criminal history, defense counsel's advice regarding the plea was reasonable.  Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.   Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id*. at 336-37.  Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims.  The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma*

*pauperis* on appeal as any appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

       **IT IS SO ORDERED**.


                          s/Gerald E. Rosen
                          Chief Judge, United States District Court

Dated:  October 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2013, by electronic and/or ordinary mail.

                          s/Julie Owens
                          Case Manager, (313) 234-5135